## H. & T. C. R'y. vs. JOHN HENRY BOOZER.

IN THE SUPREME COURT, AUSTIN TERM, 1884.

*Damages—Negligence.*—It is a general rule that between stations and public crossings, and upon the yards, the track or tracks belong exclusively to the company, and all persons who walk, ride or drive thereon are, strictly speaking, trespassers, and if they go there at the sufferance of, or by permission of the company, it will be considered that they are there subject to the risks incident to the place, and if while there they are injured by the company's trains, no recovery can be had for such injury unless it resulted from gross negligence upon the part of the agents or servants of the company.

*Measure of Damages.*—To authorize a recovery in such case as that stated, the negligence on the part of the company must be shown to be so gross, that had death ensued, the company would have been liable for exemplary damages.

*Enclosure of Roads and Railways.*—The statutes which impose upon railway companies the duty of fencing their roads does not require them to enclose the grounds about their freight and passenger depots.

*Laws Regulating the Operation of Railways—Care.*—The same degree of care is not required of the company's servants in operating a switch engine upon it's yards, as is required from them on other parts of the road.

*Same.*—Trespassers upon the yards of a railway company, are charged with the knowledge of present and continuous danger, and are required to exercise the greatest care and prudence to protect themselves from injury.

*Negligence—Evidence.*—While age or physical condition of the injured party does not, ordinarily, affect the degree of care required of those operating locomotives, contributory negligence not entering into the question, still in the case of a child,

or person deprived of sight or hearing, which was known to those operating the engine, and known by them to be on, or about to go on the track, a greater degree of care is required than in the case of ordinary persons.

*Same.—Evidence* held insufficient to constitute gross negligence on the part of the company.

*Same.—Burden of Proof* was upon appellee to establish such gross negligence on the part of the company as would entitle him to recover.

*Same—Contributory Negligence.*—See the opinion for facts held, sufficient to establish contributory negligence on the part of appellee.

Appeal from Grayson county.

*R. DeArmand,* for appellant.

*Woods, Wilkins & Cunningham,* for appellee.

### STATEMENT.

Appellee, by next friend, brought this suit against appellant, March 2nd, 1880, to recover $20.000 damages for injuries received by him while crossing appellant's railroad track at the city of Denison, November 7th, 1879, by which he lost a leg, and received other injuries.

Appellee answered September 16th, 1880, by general denial, and also that the injuries were directly caused by the negligence of the appellee.

The cause was tried April 28th, 1883, and a verdict returned and judgment rendered against the appellant for the sum of $6.125.

The errors assigned that are deemed material are stated in the opinion.

### OPINION.

At the time of the accident, appellee was about ten years old and was a bright intelligent boy for his age. He was well acquainted with the company's yard, and says that he knew that it was dangerous to go there. That in crossing the yard he had theretofore been on his guard and watched for moving trains, but at the time he was injured, that he was looking down the path and thinking about getting home. That he heard the moving train, but supposed that it was on the Missouri Pacific track, and therefore, he did not look up to ascertain its whereabouts.

It appears that he had been previously cautioned by his mother as to its being dangerous to go upon the yard as well as to cross the track.

At the point where the accident occurred, there is an embankment of considerable height, and it is stated by some of the witnesses, that there was a path leading across the track, and that those living on the east side of the company's road, had for years been in the habit of crossing there in going to the business portion of the city of Denison.

From the direction which he approached the embankment, the road and yard were unobstructed, and trains moving or standing upon the same, could have been easily seen. The injuries were received upon the company's yard at the northern terminus of its line, and it appears to have resulted from the movements of a switch engine which was then drawing ten or twelve box cars. These were being run out so as to switch them back upon the different tracks composing the yard, where they were desired for use.

Neither the bell was being rung, or the whistle sounded, and the engineer and fireman were watching the rear for signals—the engineer states that, he was watching the front for obstructions as well as the rear for signals. It appears that neither the engineer nor fireman saw the boy until after he was injured.

Upon the case as stated, it is claimed that the verdict is not supported by, but is against the evidence, first, because the evidence fails to show such gross negligence upon the part of those operating the engine, as would render the company liable for ᐟ the injury. Secondly, because the evidence shows such degree of negligence upon the part of appellee, contributing to the injury, that no recovery can be had therefor.

The general rule as deduced from the authorities, is this, that between stations and public crossings, and upon the yards, the track or tracks belong exclusively to the company, and all persons who walk, ride, or drive thereon, are strictly speaking trespassers, and if they go there at the sufferance, or by the permission of the company, it will be considered that they are there subject to the risks incident to the place, and if while there, they are injured by the company's trains, no recovery can be had for such injury, unless it resulted from gross negligence upon the part of the agents or servants of the company. The degree of negligence which would authorize a recovery in such case, is not easily defined, however, it must be so gross that if death had ensued, the company would be liable for exemplary damages under Section 26, Article XVI of the Constitution.

(H. & T. C. R'y. Co. vs. Richards, 59 Texas, 375 and authorities there cited.

It has been frequently held in those states where, as with us, the statute imposes upon railroad companies the duty of fencing their roads, that this does not require them to enclose the grounds about their freight and passenger depots, as these grounds are required to be kept open for the convenience of the public, and also that the space used for switches and side tracks are not required to be enclosed. (Pierce on Railroads, page 421 and notes.)

These yards are essentially necessary in the operation of the trains and the prosecution of the business of the company. These trains are made up, and cars placed in position upon the yard by switching them from one track to and upon another, as occasion may require. And in the same way, cars composing the incoming trains are distributed so as to meet the convenience and demands of the business. This yard being at the northern terminus of the company's line where it intersects and connects with other roads, it appears that its business requires the constant use of a switch engine upon the same. As stated by the witnesses, this engine is almost continually in motion, first running upon one and then another of which the yard is composed.

In its operation, the duties devolving upon the engineer and fireman are more onerous and complicated than those devolving upon such servants in running engines upon the line of the road. With the latter. generally, there is nothing to prevent a careful and constant watch upon the road in front of the train. While in the management of the switch engine upon the yard, the attention of the engineer and fireman is divided between a lookout in front for obstructions, and to the rear for such signals, as are used for controlling the movements of the engine. Hence it could not be expected from the nature of the duties attending such service, that they should keep that close and constant watch for obstructions in front, as is expected and required of those operating engines on the road.

The nature of the service, as well as the great danger attending a trespass upon such yard, is open alike to the observation of all persons who have sufficient intelligence to comprehend the situation.

While it is a study devolving upon those who operate such powerful, swift, and dangerous agencies, or instrumentalities, as locomotive engines, to use due and reasonable care so as to avoid injury to

the person and property of others, yet, in all cases, the degree of such care is not the same,—that depends upon the circumstances attending the particular service. As before observed, the engineer and fireman in operating engines along the line. are expected, in fact required, to keep a constant watch upon the road in front of their moving engine for obstructions. While those who operate a switch engine upon the yard, from the nature and necessity of the service, have their attention so divided, that it would be impracticable to require or expect of them the same degree of care, in this respect, as is required and expected along the line of the road.

Therefore, those who trespass upon such yards, must be held to do so with the knowledge that they thereby place themselves in a position of great danger, where they are required to exercise the greatest care and prudence to protect themselves from injury ; and where they are not in a position that entitle them to any special or particular care upon the part of the company's servants. (Baltimore and Ohio R. R. Co. V. Depew, Am. & Eng. railroad casas, Vol. XII, Part I.)

The degree of care and prudence required of those operating locomotive engines, is ordinarily not affected by the age or physical condition of the party injured, when not involving the question of contributory negligence. When, however, a child or a person deprived of sight or hearing, which was known to those operating the engine, is by them seen upon the track, or known to be there or about going upon the same, then a greater degree of prudence would be required than if it was a person of full age, and possessed of all the human senses. In the latter it might be assumed that such person would leave the track and avoid the danger, while that assumption might not be justified in the former case.

There is no pretence that those operating the engine knew that appellee was on or near the track, so that they could have avoided the injury, by either checking the engine, or by giving signals of danger. Then considering the fact that no person with a due regard for his personal safety ought to be on the track at such a place, and the complicated duties of those operating such engine, their failure to ring the bell, or sound the whistle, or to see the appellee in time to avoid the injury, would not, under the circumstances of this case, constitute such gross negligence as would authorize a recovery against appellant. In other words the evidence disclosed by the

record, does not show such gross negligence upon the part of the servants of the company as would authorize the recovery.

To entitle the appellee to a recovery the burden was upon him to establish, by competent evidence, such gross negligence upon the part of those in charge of and operating the engine, and having failed to do this, it follows that the verdict is not supported by the evidence.

Proceeding then to the consideration of the objection, that upon the issue of contributory negligence, the verdict is not supported by, but is against the evidence. As to those who have not reached maturity, the rule as to the degree of prudence and care required of them, so as to avoid the effect of contributing to the injury by their own negligence, is dependent upon the age, intelligence and experience of the party, and the circumstances attending the evidence. (Dowling v. N. X. C. & R. R. Co., Am. and Eng. railroad cases, Vol. XII, page 83 ; R. R. Co. v. Street, 17 Wall., 664 ; Thompson on Neglicence, Sect. 1181-2.)

Appellee was, at the time of the injury, about ten years of age, and unusually intelligent for his age, and while he knew it was dangerous to cross the yard, yet he says he made his way up the embankment and upon the track with his eyes fixed upon the ground and his thoughts upon home, and failed to use his senses in detecting the approaching train, notwithstanding he heard it moving. Obviously, one of sufficient intelligence and experience to understand the danger, who thus exposes himself to it, without making any use of his senses to avoid the injury, must be considered as having contributed directly to it, and hence cannot recover. (G. H. & S. A. R. R. Co. v. Bracken, 59 Texas, 74.)

Our conclusion is that the judgment ought to be reversed and the cause remanded.

Without adopting so much of the opinion as holds that it is not the duty of a railroad company to use as much care in running a switch engine within town or city as in running a locomotive at other points upon their line of road, we think the evidence shows that the appellant was not guilty of gross negligence in this case, and that appellee contributed by his own negligence to the injury received and that under the evidence the verdict should

have been for the appellant. The opinion, as thus restricted, is adopted, and the judgment reversed and the cause remanded.

Opinion by Watts, A. T., Commissioner.